UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FELICIA DENAE BALL, et al., individually** ) | |
| **and on behalf of others similarly situated** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 03-CV-0830-CVE-FHM |
| ) | |
| **GATESWAY FOUNDATION, INC.,** ) | |
| **an Oklahoma non-profit corporation,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's [sic] Motion for Leave to File Amended Complaint (Dkt. # 31). Plaintiffs seek to add four parties as additional defendants in their individual capacities as officers and/or directors of Gatesway Foundation, Inc.[1] Filed pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA" or the "Act"), the suit seeks unpaid overtime compensation, prejudgment interest, liquidated damages, and attorneys' fees and costs.

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of the court and provides that "leave shall be freely given when justice so requires." See, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kansas Dept. of Social and Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962); 6 Charles Alan Wright, et al., Federal Practice

---

[1] Plaintiffs originally sought to add E. Elwood Allen, John Lare, Margaret S. Striegel and Judith K. Myer as defendants, but later clarified, by attachment to Plaintiff's [sic] Motion for Status Conference (Dkt. # 52), that the four defendants to be added are James Denny, William Brown, John McDermott and Judith K. Myers.

and Procedure §§ 1473, 1483 (2d ed.1990)).  However, a judge may deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998)(citations omitted). With the exception of futility, none of the above impediments is applicable in this case.  Thus, the question is whether the additional defendants qualify as "employers" under the FSLA.

Who or what constitutes "employer" is a question of statutory interpretation and must begin with the plain language of the FLSA.  Johns v. Stewart, 57 F.3d 1544, 1557 (10th Cir. 1995).  Under the Act, an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."  29 U.S.C. § 203(d).  On its face, the statute adopts a definition of the term "employer" broader than at common law.  The Act "foresees the possibility of simultaneous employers, any one or all of which may be liable under the Act." Brennan v. P.W.D. Mining Co., Inc., No. 1594, 1974 WL 1285, at *1 (E.D. Ky. July 3, 1974); see 29 C.F.R. § 791.2(b)(3).

As a matter of federal labor law, it is generally a question of fact whether a person and/or a corporation possesses sufficient "indicia of control" to be an employer. Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964).  Each case must be considered in light of the "whole activity and the economic reality of the relationship" between the parties.  Harbert v. Healthcare Services Group, Inc., 173 F. Supp. 2d 1101, 1105 (D. Colo. 2001) (citations and internal quotation omitted); see Goldberg v. Whittaker House Coop., Inc., 366 U.S. 28, 33 (1961).  The Tenth Circuit does not

adhere to a "single set of factors" but looks to the "nature and structure of the employment relationship" and whether the "economic realities justify a finding of joint employment . . . ." Id. at 1106 (quoting John R. Paddock, Jr., Colorado Employment Law and Practice vol. 16 § 3.22, 110 (West, 1998)).[2]

> The liability of a corporate officer for violations of the Act does not turn on the existence of an employer-employee relationship, such as the limited liability feature of the corporation, but on the acts the alleged employer performs to benefit himself in relation to the employee. It does not differ whether an employer be a natural person, a corporation, or an officer or stockholder of the corporation.

P.W.D. Mining Co. Inc., 1974 WL 1285, at *3 (citing Shultz v. Chald-Fitgerald Const. Co., 309 F. Supp. 1255, 1257 (D. Mass. 1970)). Among those activities that could subject a corporate officer to liability are active management of the corporation and the right to hire and fire employees. Id; see Wirtz v. Pure Ice Co., 322 F.2d 259, 263 (8th Cir. 1963).

In the summary judgment context, the Harbert court observed that, "[g]iven the fact-driven nature of the 'economic realities' test when it is applied to joint employment relationships," it is inappropriate to base a determination of joint relationship on an incomplete record. Harbert, 173 F. Supp. 2d at 1106. It is particularly inappropriate here, where Defendant's Objection to Plaintiffs' Motion to File Amended Complaint (Dkt. # 34) does not provide any evidence to disprove the existence of a joint employment relationship upon which a denial of plaintiffs' motion would be justified.

---

[2] "While the Tenth Circuit does utilize multi-pronged analyses in certain FLSA employment relationship inquiries--e.g., when assessing 'independent contractor/employer' and 'employee/trainee' distinctions-- none of those tests are [sic] apposite here." Szymula v. Ash Grove Cement Co., 941 F. Supp. 1032, 1036 n.1 (D. Kan. 1996).

**IT IS THEREFORE ORDERED** that Plaintiff's [sic] Motion to File Amended Complaint (Dkt. # 31) is hereby **GRANTED.** The Amended Complaint shall be filed no later than **June 28, 2005.**

**DATED** this 22nd day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT