**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FELICIA DENAE BALL, et al., individually and on behalf of others similarly situated** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No. 03-CV-0830-CVE-FHM |
| **GATESWAY FOUNDATION, INC.,** an Oklahoma non-profit corporation, | ) ) ) ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiffs' First Motion in Limine and Brief in Support (Dkt. # 49). Plaintiffs seek to preclude defendant's reliance on the so-called "companionship exemption" to the requirements of the Fair Labor Standards Act ("FLSA") contained in 29 U.S.C. § 207(a)(1).

The FLSA requires that employers provide overtime compensation to employees working longer than forty hours a week, and that compensation must be "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The statute provides a number of exceptions to the rule requiring overtime pay, including the companionship services exemption. The companionship services exemption states that "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" is subject to the exemption. 29 U.S.C. § 213 (a)(15). The Department of Labor has interpreted § 213 (a)(15) to include among those not entitled to overtime pay individuals "who are employed by an employer or agency other than the family or household using their services." 29 C.F.R. § 552.109(a). In other words, the exemption applies even if the employee is working for a third party rather than the individual for whom she is providing the services. There is no dispute that defendant is a third-party employer for the purposes of the statute.

Plaintiffs rely upon the Second Circuit's opinion in Coke v. Long Island Care at Home, Ltd., 376 F.3d 118 (2d Cir. 2004), where the court held that 29 C.F.R. § 552.109(a) is unenforceable. Since the filing of plaintiffs' motion in limine, the United States Supreme Court has granted a petition for a writ of certiorari in Coke and vacated the judgment of the Second Circuit and remanded the case for further consideration in light of the DOL's Wage and Hour Advisory Memorandum No. 2005-1, issued December 1, 2005. Long Island Care at Home, Ltd. v. Coke, 2006 WL 155248, at *1 (Jan. 23, 2006). That agency memorandum, directly addressing the Second Circuit's Coke decision, reaffirms the viability of the companionship exemption and confirms that regional administrators and district directors for the Department of Labor should continue to apply the regulation in all states outside of the Second Circuit. Application of Section 13(a)(15) to Third Party Employers, Department of Labor Wage and Hour Advisory Memorandum No. 2005-1 (Dec. 1, 2005).

The Court further observes that the Tenth Circuit has expressly held that the companionship exemption contained in 29 C.F.R. § 552.109(a) is enforceable. See, e.g., Johnson v. Volunteers of America, 213 F.3d 559, 562 (10th Cir. 2000)("[T]he fact that domestic service employees are not employed by the individuals receiving care, does not alone exclude them from the exemption."); see also Terwilliger v. Home of Hope, Inc., 21 F.Supp.2d 1294, 1299 n.2 (N.D. Okla. 1998) (rejecting plaintiffs' claim that the exemption did not apply because plaintiffs were employed by defendants, a third party, and not by the person requiring care). In 2004, the Tenth Circuit reaffirmed its position. See Welding v. Bios Corp., 353 F.3d 1214, 1217 n.3 (10th Cir. 2004) (noting that the companionship exemption "can apply even when the domestic service employee is actually employed by a service agency . . . ." ).

In light of the continuing viability of the companionship exemption, the Court concludes that admission of evidence relating to the exemption is entirely appropriate and hereby **denies** plaintiffs' motion in limine (Dkt. # 49).

**IT IS SO ORDERED** this 30th day of January, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT